IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LAMAR FIELDS, <br><br> Defendant. | CRIMINAL ACTION <br> NO. 15-129 |

# ORDER

**AND NOW**, this 31st day of October 2017, upon consideration of Defendant Lamar Fields' Motion to Dismiss (Doc. No. 153) and the Government's Omnibus Response to Defendant's Pretrial Motions (Doc. No. 155), it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. No. 153) is **DENIED**.[1]

---

[1] On April 12, 2017, Defendant Lamar Fields was charged in a Superseding Indictment with one count of conspiracy to knowingly and intentionally distribute oxycodone, six counts of knowingly and intentionally distributing and aiding and abetting the distribution of oxycodone, and six counts of knowingly and intentionally acquiring and aiding and abetting the acquisition of oxycodone by fraud. (Doc. No. 134.)

In his Motion to Dismiss (Doc. No. 153), Defendant challenges the sufficiency of Counts 2 to 7 (knowing and intentionally distributing and aiding and abetting the distribution of oxycodone). (Doc. No. 134.) Specifically, he asserts that the Superseding Indictment insufficiently describes the charges that are brought against him in Counts 2 to 7, in violation of his Fifth Amendment rights. (Doc. No. 153.) In response, the Government submits that the Indictment contains a "plain, concise, and definite written statement of the essential facts constituting the offense charged," satisfying the requirements under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 7(c)(1). (Doc. No. 155.)

It is well-established that an indictment must sufficiently set forth the essential facts of the offense charged. United States v. Hodge, 211 F.3d 74, 76 (3d Cir. 2000). The Third Circuit has set forth steps to determine the sufficiency of an indictment by looking at: (1) whether the indictment includes the elements of the offense the defendant is being charged with; (2) whether the indictment sufficiently notifies the defendant of what he must be prepared to

1

meet; and (3) whether the indictment enables a defendant to plead an acquittal or conviction so as to invoke double jeopardy in the event of a subsequent prosecution. United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012); see also United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007).

An indictment containing a reiteration of the statutory language is permissible, provided that the language "fully, directly, and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offence intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974). An indictment that informs a defendant of the statute he is charged with violating, lists the elements of a violation under that statute, and specifies the time period during which the violations allegedly occurred, is generally considered sufficient. See United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (holding that an indictment, which referred to the language of the Hobbs Act, recited the elements of the violation of that statute, and identified in chart form the unlawful transactions made by defendants, was sufficient to inform defendants of the charges being brought against them to prepare a defense and invoke the double jeopardy clause if needed). Additionally, an indictment should be read as a whole. See 6 James Wm. Moore et al., Moore's Federal Practice, ¶ 607.04[2][b] (3d. ed. 2015); see also United States v. Turley, 891 F.2d 57, 59 (3d Cir. 1989) (finding that in reading an indictment in its entirety, it sufficiently alleged a conspiracy to commit mail fraud).

In this case, the charges at issue in Counts 2 to 7 are codified at 21 U.S.C. § 841(a)(1), which provides that it is "unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Defendant is also charged with violating 21 U.S.C. § 841(b)(1)(C), which describes the sentences for Schedule II controlled substance violations.

Here, the relevant portion of the Superseding Indictment is as follows:

### COUNTS 2 THROUGH 7

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about the dates listed below, in Philadelphia, in the Eastern District of Pennsylvania, defendant
**LAMAR FIELDS**
**a/k/a: "Lamar Cooper,"**
**a/k/a "Mar,"**
**a/k/a "Marv"**

knowingly and intentionally distributed, and aided and abetted the distribution of, the below-noted number of pills, each pill of which is a mixture and substance containing a

detectable amount of oxycodone, a Schedule II controlled substance, each distribution constituting a separate count:

(Doc. No. 134 at 10.)

The Counts 2 to 7 charges for each distribution are then listed in a chart, identifying with specificity the on or about date of the alleged acquisition, the drug type and dosage, the number of pills allegedly distributed, and the pharmacy name and location where the pills were obtained. (Id.)

Immediately prior to Counts 2 to 7 of the Superseding Indictment is Count 1. Count 1 commences with background information that is material to the charges against Defendant, including the purpose of the Controlled Substances Act and the classification of oxycodone as a Schedule II controlled substance. (Doc. No. 134. at 1-2.) Count 1 also describes the manner and means of Defendant's alleged participation in the conspiracy, including his activities and his role in the scheme. (Id. at 3-4.)

Specifically, in paragraphs 7 and 8 of Count 1, the Superseding Indictment alleges Defendant's activities related to obtaining and distributing oxycodone pills:

> 7. Defendant LAMAR FIELDS and K.L. distributed the fraudulent prescriptions slips to pseudo-patients and transported the pseudo-patients to various pharmacies in Philadelphia and the surrounding areas. Defendant LAMAR FIELDS worked with M.H. and others known and unknown to the grand jury to coordinate the transportation of pseudo-patients to the pharmacies during times in which M.H. was available at Dr. William Burch's office to verify the prescriptions. Defendant LAMAR FIELDS directed the pseudo-patients to fill the fraudulent prescriptions for oxycodone pills and supplied the pseudo-patients with cash to pay the pharmacies. After the pseudo-patients filled the fraudulent prescriptions, defendant LAMAR FIELDS collected the oxycodone pills and paid the pseudo-patients in cash and in pills for engaging in this activity. Defendant LAMAR FIELDS and K.L. at times acted as pseudo-patients themselves and also used identifications of other individuals to fill fraudulent prescriptions for oxycodone pills at various pharmacies in Philadelphia and the surrounding areas.
>
> 8. After obtaining the oxycodone pills from the pseudo-patients or obtaining the pills himself, defendant LAMAR FIELDS sold the pills on the streets in the Philadelphia area.

(Id.)

Defendant argues that Counts 2 to 7 do not state any facts "that amount to a charge of distribution of a controlled substance" and does not provide Defendant "with any facts in regard[s] to whom the drugs were sold and in what manner." (Doc. No. 153 at 1.) Counts 2 to 7, however, satisfy Third Circuit standard, sufficiently alleging a description of the crime charged. These counts inform Defendant that he is being charged with a violation of 18 U.S.C. 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. They describe the elements of a violation of

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

the statute ("knowingly and intentionally distributed, and aided and abetted the distribution of, the below number of pills…containing a detectable amount of oxycodone…") and provide the on or about date when the violations allegedly occurred in the chart. (Doc. No. 134 at 10.) The charges even include the locations where the controlled substances were purchased, the date of the alleged acquisition, the drug type and dosage, and the number of pills. (Id.) Counts 2 to 7 are sufficient on their face in describing the crimes charged with specific facts.

Moreover, when reading the Superseding Indictment in its entirety and in light of the facts alleged in Count 1 describing Defendant's activities relating to the distribution of oxycodone, there is more than sufficient language to place him on notice of the offenses in Counts 2 to 7. Paragraphs 7 and 8 of Count 1 allege how Defendant participated in the scheme. He directed "pseudo-patients" to fill the fraudulent prescriptions for oxycodone pills and even obtained pills himself by using fraudulent prescription slips and then obtaining and distributing the oxycodone pills. (Id. at 3-4.) These facts describe the way in which he distributed the drug, participating in the wider scheme to fill fraudulent prescriptions and then sell the fraudulently obtained drugs, while assisting others to do the same. This conduct is precisely what Counts 2 to 7 allege.

Whether scrutinizing Counts 2 to 7 in isolation or reviewing the Indictment as a whole, these counts sufficiently state the offenses with which Defendant is charged and contain sufficient factual information to allow him to prepare a defense and to invoke double jeopardy, if needed. Accordingly, Defendant's Motion to Dismiss will be denied.