IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LAMAR FIELDS,<br><br>　　　　　Defendant. | CRIMINAL ACTION<br>NO. 15-129 |

## **ORDER**

**AND NOW**, this 29th day of November 2017, upon consideration of Defendant Lamar Fields' Motion to Dismiss (Doc. No. 218) and Corrected Motion to Dismiss (Doc. No. 221), it is **ORDERED** that Defendant's Motion to Dismiss (Doc. No. 218) and Corrected Motion to Dismiss (Doc. No. 221) are **DENIED**.[1]

---

[1] On November 20, 2017, Defendant filed a corrected Motion to Dismiss (Doc. No. 221). Therefore, Defendant's earlier Motion to Dismiss (Doc. No. 218) that has been corrected will be denied as moot.

On November 13, 2017, this Court denied Defendant's Motion to Dismiss for Violation of the Statute of Limitations. (Doc. Nos. 202 and 203.) In the instant Corrected Motion to Dismiss (Doc. No. 221), Defendant again argues that the changes in the original Indictment and the Superseding Indictment were considerable and "could have reflected in a fatal variance," particularly with regard to the changes in pharmacy locations where the unlawful activities were alleged to have occurred. Because Defendant has set forth similar arguments in the document he titled Supplemental Memorandum to Motion for Dismissal of Indictment for Statute of Limitations Violations (Doc. No. 200), the Court will treat the instant Motion as a Motion for Reconsideration of the Court's Order dated November 13, 2017 (Doc. Nos. 202 and 203).

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Defendant does not assert that there is an intervening change in controlling law or the availability of new evidence that warrant's reconsideration of the Court's denial of his Motion to Dismiss for Violation of the Statute of Limitations. Rather, he argues that the court committed error in denying his Motion. But as noted, "mere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration."

As already stated in the Court's Opinion denying Defendant's Motion to Dismiss for Violation of the Statute of Limitation issued on November 13, 2017, the changes in pharmacy locations do not materially broaden or amend the nature or scope of the charges set forth in the Superseding Indictment. Furthermore, the Court ruled that the original Indictment tolled the statute of limitations and that this tolling continued, unaffected by the return of the Superseding Indictment.

Because Defendant has not demonstrated to the Court "the need to correct clear error of law or prevent manifest injustice," see Wiest, 710 F.3d at 128, the Court will deny Defendant's Corrected Motion to Dismiss (Doc. No. 221).