IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

LAMAR FIELDS,

Defendant.

CRIMINAL ACTION
NO. 15-129

**OPINION**

**Slomsky, J.**  **January 13, 2022**

## I.   BACKGROUND

On December 8, 2017, a jury found Defendant guilty of one count of conspiracy to distribute oxycodone and two counts of acquiring a controlled substance by fraud and aiding and abetting.[1] (Doc. No. 406 at 2.) Thereafter, Defendant filed numerous post-trial Motions, all of which were denied in an Opinion and Order dated August 31, 2021. (See Doc. Nos. 433, 434.) Defendant has filed Motions for Reconsideration (Doc. Nos. 439, 445) and a hearing is set for February 2, 2022, at which time the Court will consider Defendant's evidence on all his Motions.[2]

Defendant filed the instant "Motion for Reconsideration Regarding Bail" on February 2, 2021. (Doc. No. 404.) The Motion contains three arguments in support of his release on bail: 1) under 18 U.S.C. § 3143, he has shown that "a new trial or acquittal are forthcoming" based on his post-trial motions and that he is not a flight risk or a danger to the community; 2) his underlying

---

[1] The conviction arises from Fields' participation in a conspiracy to fill fake prescriptions for oxycodone pills that Fields redistributed to customers in and around Philadelphia. (Doc. No. 406 at 2-3.)

[2] Defendant has filed a Motion to Continue the hearing. (Doc. No. 461.) The Government has no objection to a 30-day continuance. (Doc. No. 462.)

1

health and medical conditions put him at an increased risk of contracting severe COVID-19; and 3) the 18 U.S.C. § 3553(a) sentencing factors and the Eighth Amendment warrant his release. (See id. at 8, 10-11, 12-15.) (See also Doc. No. 406 at 5.) The Court construes this Motion as an appeal of the detention order that was entered on May 22, 2015 by United States Magistrate Judge Carol Sandra Moore Wells. (See Doc. No. 8.) The appeal is reviewed de novo. See United States v. Delkar, 757 F.2d 1390, 1394 (3d Cir. 1985).

On February 25, 2021, the Government filed a response in opposition. (Doc. No. 406.) The Government asserts that Defendant is not eligible for release because he fails to show that the COVID-19 pandemic is an "exceptional circumstance" warranting his release. (Id. at 1.) Further, the Government points to evidence in the record that suggests that Defendant is both a flight risk and a danger to the community. (Id. at 6-8.) Moreover, the Government contends that both the Eighth Amendment and the 18 U.S.C. § 3553(a) factors are not applicable at this stage of the case. (See id. at 12-13.) Finally, the Government states that it will recommend a period of incarceration at sentencing. (Id. at 6.)

On May 3, 2021, Defendant filed a Reply to the Government's response. (Doc. No. 419.) A hearing on the Motion for Bail was held on May 24, 2021. (Doc. No. 459 ¶ 2; see also Doc. No. 431.) On January 6, 2022, Defendant filed a Motion for a ruling on the bail motion. (Doc. No. 459.) He reiterated his concerns about COVID-19 and how "the Federal Detention Center has continuously failed to protect inmates from the coronavirus." (Id. ¶ 5.)

For the following reasons, Defendant's Motion will be denied. Defendant's three arguments presented in his Motion for Bail will be discussed in turn.

## II. APPLICABLE LAW

There are several provisions of law that govern bail pending sentence. First, 18 U.S.C. § 3143 governs release or detention of a defendant pending sentencing. Section 3143(a)(2) provides in pertinent part as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). This provision applies to Defendant because he was convicted under the Controlled Substances Act for an offense that carries a maximum imprisonment term of ten years or more, as prescribed in § 3142(f)(1)(C). This Section provides, in relevant part:

> (f) Detention hearing. -- The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> (1) upon motion of the attorney for the Government, in a case that involves—
>   …
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

Defendant was convicted in this case of Controlled Substance offenses under 21 U.S.C. §§ 841, 843, and 846.

In addition, 18 U.S.C. § 3145 also governs an appeal from a detention order. Section 3145(c) provides, in part:

> . . . A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145. An exceptional reason is "something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention." United Stats v. Carter, 2021 WL 2661606 at *3 (E.D. Pa. 2021) (citing United States v. Ortiz, 2020 WL 1904478, at * 14-15 (M.D. Pa. 2020)).

### III.  ANALYSIS

#### A. The Government has recommended a prison sentence and Defendant is both a danger to the community and a flight risk.

Defendant submits that he is entitled to release under 18 U.S.C. § 3143. Specifically, he contends that "a new trial or acquittal are forthcoming" based on his post-trial motions and that he is not a flight risk or a danger to the community. (See Doc. No. 404 at 8, 10-11, 12-15.)[3] In its response, the Government submits that it "cannot – and will not – recommend a sentence that does not include prison time." (Doc. No. 406 at 6.) Additionally, the Government contends that Defendant cannot prove by clear and convincing evidence that he is not a danger to the community or not likely to flee. (Id.)

As stated, 18 U.S.C. § 3143 applies to this stage of Defendant's case because he was convicted under the Controlled Substances Act for an offense that carries a maximum

---

[3] Additionally, he reiterates that he is at an increased risk of contracting COVID-19. As discussed below, this argument is unavailing.

imprisonment term of ten years or more.  Under 18 U.S.C. § 3143(a)(2), the Court can order release of a defendant prior to sentencing if the following are met:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Subdivision "A" has two parts, any one of which may be considered in deciding whether to grant bail.  Here, the Government will recommend a sentence of imprisonment, so there is no need to consider whether there is a substantial likelihood that a new trial or acquittal will be granted.[4]  Further, Defendant poses a danger to the community.  Defendant led a large-scale conspiracy to distribute oxycodone, with a jury finding him guilty on both drug conspiracy and distribution charges.  (See Doc. No. 250.)  Additionally, multiple witnesses testified at trial that Defendant threatened them.  (Doc. No. 431 at 78.)  One witness even testified that he threatened to kill her.  (Id. at 100.)  Defendant also has a criminal record that includes a violent crime.[5]  (Id.)  As to risk of flight, although Defendant has ties to the Philadelphia community, he is still a flight risk.  Defendant has not shown remorse or contrition since his arrest in 2015 and is facing a prison sentence.  See United States v. Hallinan, 318 F.Supp.3d 728, 734 (E.D. Pa. 2018) (stating that

---

[4] Due to the pending Motions for Reconsideration (Doc. Nos. 439, 445), the Court need not discuss Defendant's likelihood of acquittal or new trial.  However, it should be noted that all nineteen of Defendant's post-trial motions were previously denied.  (Doc. Nos. 433-34).

[5] In 1998, Defendant was convicted of robbery.  (Doc. No. 431 at 89.)

Defendant's lack of remorse and substantial prison sentence provide incentives to flee). Therefore, Defendant does not meet the standard in 18 U.S.C. § 3143(a)(2).

### B. Defendant has not shown exceptional circumstances to warrant his release under 18 U.S.C. § 3145.

In addition, Defendant contends that his health and medical conditions amount to "exceptional circumstances" warranting his release. He contends that he is at an increased risk of serious illness if he contracts COVID-19. (Doc. No. 404 at 2, 8-10.) Specifically, he asserts that he has a history of smoking and obesity, both of which are conditions that the Center for Disease Control and Prevention ("CDC") has stated are more likely to cause severe illness from COVID-19.[6] (Id.) Further, he alleges that people of color are more likely to contract COVID-19. (Id.) In its opposition, the Government argues that the COVID-19 pandemic is not an "exceptional circumstance" that warrants release prior to sentencing. (Doc. No. 406 at 8.) Both in his Reply and at the hearing on the Motion, Defendant adds that he suffers from lung damage as a result of his history of smoking. (Doc. No. 419 at 8-9.)

Because Defendant has yet to be sentenced, 18 U.S.C. § 3145(c) governs an appeal from a detention order. As noted above, Section 3145(c) states:

> … A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

---

[6] CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19: PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021). When he wrote the Motion, Defendant had a BMI of 36.3. (Doc. No. 431 at 70.) At the May 24, 2021 hearing, Defendant had a BMI of 33. (Id.)

18 U.S.C. § 3145(c). Thus, the Court will consider whether Defendant has shown exceptional reasons as to why his detention is not appropriate.

Here, Defendant claims that his ethnicity, obesity, and history of smoking put him at an increased risk of severe COVID-19 illness. As to his background as an African-American, there is no evidence that being African-American increases Defendant's risk of severe COVID-19 illness. See United States v. Alexander, 2020 WL 2507778 at *5 (D. N.J. 2020) ("[A]lthough African Americans are overrepresented in data regarding COVID-19 hospitalizations and deaths… this overrepresentation may result from other systemic economic and social issues.")

While the Government acknowledges that both obesity and a history of smoking are COVID-19 risk factors, it notes that Defendant is relatively young (forty-one years old) and is otherwise in good health. (Doc. No. 406 at 11.) Courts have routinely found that smoking and obesity do not rise to the level of "extraordinary and compelling reasons" for release. See, e.g., United States v. Whiteman, 2020 WL 4284619 at *1 ("Given [defendant's] relative youth (he is forty-two) and his lack of other risk factors, his obesity and high blood pressure fall short of presenting an extraordinary and compelling reason for release"); see, e.g., United States v. Jones, 2020 WL 7640944 at * 3 ("[Defendant], however, provides no detail regarding his tobacco usage, presents no ailments associated with smoking and has been in federal prison since 2011, where smoking is banned.") [7]

However, in reviewing the record, it is evident that Defendant suffers from lung damage. (See Doc. No. 419 at 9 n.9.) Nonetheless, Defendant has been incarcerated for almost six years and has received adequate medical care for his lungs. (Id.) See also United States v. Spencer, 519

---

[7] While these cases were decided on a motion for compassion release under 18 U.S.C. § 3582, the contexts are analogous. See Ortiz, 2020 WL 1904478 at *6.

F.Supp.3d 200, 206 (E.D. Pa. 2021) (stating that one factor in determining "extraordinary and compelling" is a defendant's ability to receive adequate medical care in prison.) Further, COVID-19 has been present for almost two years and there is no indication that Defendant has contracted COVID-19. Thus, the factors identified by Defendant, whether considered separately or together, do not rise to the level of "exceptional reasons" warranting his release. Therefore, Defendant's Motion, to the extent it is based on 18 U.S.C. § 3145(c), will be denied.[8]

### C. Both 18 U.S.C. § 3553(a) and the Eight Amendment are not applicable at this stage of Defendant's case.

Additionally, Defendant claims that he should be released on bail under 18 U.S.C. § 3553(a) and the Eighth Amendment. (Doc. No. 404 at 1-12.) Specifically, Defendant asserts that:

> Being housed in a facility where he . . . has limited access to the phone or email to contact his family . . . and having to deal with a facility whose staff members come up with policies, procedures, and measures to stop the spread of the COVID-19 virus that are obviously not working . . . is not only cruel and unusual but a deliberate indifference and a reckless disregard for the Defendant's rights, life, and well-being.

(Id.) The Government contends that neither 18 U.S.C. § 3553(a) nor the Eighth Amendment are applicable at this stage of the case. (Doc. No. 406 at 12-13.)

Here, Defendant has yet to be sentenced. The Cruel and Unusual Punishment Clause does not apply until an inmate has been sentenced for his crimes. See Graham v. Connor, 490 U.S. 386, 392 n.6 (1989). Further, 18 U.S.C. § 3553(a) contains factors that are considered by a court at sentencing. Although they are also relevant when considering a motion for compassionate

---

[8] During the hearing on the Motion for Bail, Defendant also emphasized the lack of testing at his facility as a reason why he should be granted bail. (Doc. No. 431 at 66.) This does not change the Court's analysis because Defendant has not noted "something out of the ordinary that distinguishes the defendant's situation from that of other defendants." Ortiz, 2020 WL 1904478, at * 14-15.

release pursuant to 18 U.S.C § 3582, such a motion is not before the Court. Moreover, prior to sentencing, 18 U.S.C. § 3143 applies,[9] not 18 U.S.C. § 3553(a). Therefore, to the extent Defendant's Motion relies on Section 3553(a) and the Eighth Amendment, it will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Bail (Doc. Nos. 404, 459) will be denied. An appropriate Order follows.

---

[9] The Court has determined <u>supra</u> that Defendant is not entitled to bail under 18 U.S.C. § 3143.